IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE CARLOS JIMENEZ-FRANCESCHINI,**    Plaintiff,<br><br>v.<br><br>**JENNIFER BENTLEY,** *et al.*,    Defendants.<br><br>**MAPFRE INSURANCE COMPANY,** *et al.*,    Third-Party Plaintiff,<br><br>v.<br><br>**FELIX JIMENEZ,** *et al.*,    Third-Party Defendants. | **Civil No. 12-01504 (ADC)** |

## ORDER

Currently before the Court is U.S. Magistrate Judge Silvia Carreño-Coll's Report and Recommendation ("the Second R&R") recommending that diversity jurisdiction exists in this case. **ECF No. 191.** Objections have not been filed to the Second R&R.

**I.     Procedural History**

On June 26, 2012, plaintiff José Carlos Jiménez-Franceschini ("José" or "plaintiff") filed a complaint against Jennifer Bentley ("Bentley"), Consejo de Titulares Condominio El Sol ("El Sol"), MAPFRE Insurance Company ("MAPFRE"), and Real Legacy Assurance Company ("Real Legacy") (collectively, "defendants"), raising claims arising from the death of his mother. **ECF No. 1.**

After the conclusion of discovery, Bentley and MAPFRE filed a motion to dismiss for failure to join a party or, alternatively, for lack of subject matter jurisdiction. **ECF No. 114.** Thereafter, defendant Real Legacy also filed a motion to dismiss the complaint for lack of

Civil No. 12-01504 (ADC) Page 2

subject matter jurisdiction, arguing that diversity jurisdiction did not exist because José was a domicile of Puerto Rico. **ECF No. 134.** Plaintiff opposed these motions. **ECF Nos. 132, 144.**

On November 26, 2013, the Court referred the case to Magistrate Judge Carreño for a settlement conference. **ECF No. 164.** The Court further stated that, in the event that settlement failed to materialize, the Magistrate Judge was to enter a report and recommendation ("the First R&R") with respect to the jurisdictional issues raised in the motions to dismiss. *Id*. Settlement negotiations proved unfruitful (*see* **ECF No. 174**), and, as a result, on February 11, 2014, the Magistrate Judge entered the First R&R, recommending that the case be dismissed with prejudice. **ECF No. 175.** After objections were filed to the Magistrate Judge's recommendation, this Court adopted the First R&R in part, denied it in part, and referred the case back to the Magistrate Judge for the holding of an evidentiary hearing as to whether plaintiff's personal claim for damages should be dismissed for lack of diversity jurisdiction. **ECF No. 183.**

On July 2, 2014, the Magistrate Judge entered the Second R&R, recommending that diversity jurisdiction exists in this case because the evidence submitted by plaintiff reflects that he is a citizen of the State of New York.[1] **ECF No. 191.** No objections have been filed to the Second R&R.

**II.   Review of a Magistrate Judge's Report and Recommendation**

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); D.P.R. Civ. R. 72(a). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge. 28 U.S.C. §636(b)(1). A party is entitled to a *de novo* review of "those portions of the report . . . to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)).

---

[1] It is undisputed that the defendants are citizens of Puerto Rico. *See* **ECF No. 183** at 12.

Civil No. 12-01504 (ADC)                                                                    Page 3

Absent a proper objection, though, the Court need only satisfy itself that there is no plain error in the Magistrate Judge's findings in order to adopt the same. *López-Mulero v. Valez-Colón*, 490 F. Supp. 2d 214, 217-218 (D.P.R. 2007); *see also* Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

### III.    Legal Standard

Where federal jurisdiction is based on diversity, the matter in controversy must be between citizens of different states. 28 U.S.C. §1332(a)(1). This means that "the citizenship of each plaintiff must be shown to be diverse from that of each defendant." *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir. 1995). "For purposes of diversity, a person is a citizen of the state in which he is domiciled." *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992). Challenges premised on diversity jurisdiction are measured against the state of facts that existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920 (2004). The party asserting subject matter jurisdiction has the burden of proving the same by a preponderance of the evidence. *Bank One*, 964 F.2d at 50.

Ordinarily, there is a presumption of continuing domicile. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31-32 (1st Cir. 2008). To establish a change in domicile, a party must show that he (1) is physically present in a state, and (2) has an intent to remain there. *Id.* at 31-32. In determining intent, relevant factors include: the place where civil and political rights are exercised, taxes paid, real and personal property located, driver's and other licenses obtained, bank accounts maintained, location of church and club memberships, and places of business or employment. *Bank One*, 964 F.2d at 50 (quoting *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 11-12 (1st Cir. 1991)).

Civil No. 12-01504 (ADC)                                                                                              Page 4

**IV.    Conclusion**

After careful consideration of the law, the record, the parties' pleadings and evidence, and the unopposed Second R&R, the Court **ADOPTS** Magistrate Judge Carreño's recommendation that diversity jurisdiction exists in this case.  Therefore, plaintiff's personal claim for damages may proceed.

**SO ORDERED.**

At San Juan, Puerto Rico, this 3rd day of October, 2014.

                                                                    **S/AIDA M. DELGADO-COLÓN**
                                                                    **Chief United States District Judge**